IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40488
Conference Calendar

_____


PERRY WAYNE FREEMAN,

                    Plaintiff-Appellant,


versus

JOY TRANT, In her Individual and Official Capacity as
Librarian of the Stiles Unit; TIMOTHY VANBIBBER, In his
Individual Capacity as Unit Grievance Investigator; REGINALD
BROWN, In his Individual Capacity as Technician in Charge;
CHARLES KEETON, Warden in charge of Unit Operations;
PITTMAN, Lieutenant,

                    Defendants-Appellees.


--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:00-CV-20
--------------------
August 21, 2002

Before HIGGINBOTHAM, DAVIS, and PARKER, Circuit Judges.

PER CURIAM:[*]

    Perry Wayne Freeman, Texas prisoner # 752397, appeals the

district court's order dismissing his 42 U.S.C.A. § 1983

complaint without prejudice for failure to exhaust administrative

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

remedies.

Freeman argues that he filed Step-1 and Step-2 grievances regarding a threat by another inmate. Freeman presented nothing in the district court showing that he exhausted the grievance procedure regarding this inmate threat. Instead, he asserted in the district court that he was coerced into signing a statement that his complaint about the inmate threat was moot. By asserting in district court that he dropped his grievance after Step-1 (albeit as a result of coercion), Freeman admitted that he failed to exhaust his administrative remedies prior to filing this action.

Freeman asserts for the first time on appeal that he did not sign a statement that his grievance was moot, that he filed a Step-2 grievance on November 26, 1999, and that his Step-2 grievance was denied on December 20, 1999. His assertions are not credible. Freeman filed his objections to the magistrate judge's report (in which he stated that he was coerced into abandoning his grievance) in March 2001. If true, he surely knew then that he had filed a Step-2 and that it had been dismissed on December 20, 1999, as he now asserts. There is nothing in the record supporting any of these assertions.

Freeman does not argue that he exhausted administrative remedies regarding any other allegation raised in his complaint or that the district court erred in dismissing any other allegation for failure to exhaust, and thus has abandoned on

appeal any issue regarding the dismissal of these other allegations.  See <u>Brinkmann v. Dallas County Deputy Sheriff Abner</u>, 813 F.2d 744, 748 (5th Cir. 1987).

Freeman has not made a credible showing that he complied with the exhaustion requirement before he filed this action as required by 42 U.S.C. § 1997e(a).  Therefore, the district court did not err in dismissing his action for failure to exhaust his administrative remedies.

AFFIRMED.